THE AMERICAN RAILROAD CO. *v.* MIRANDES ET AL.

APPEAL from the District Court of Ponce.

No. 129.—Decided June 22, 1907.

EXPROPRIATION—APPEAL FROM THE VERDICT OF THE JURY.—District courts have no power or authority to refuse to entertain on appeal the verdict of a jury

in expropriation proceedings, and therefore the mere presentation to the secretary of the notice of appeal is sufficient in order that the appeal may he deemed to be admitted, and no order of the court to that effect is necessary.

ID.—DECISION OF APPEAL.—The period of 15 days provided for by section 18 of the expropriation laws of March 12, 1903, within which to decide appeals from verdicts of juries and according to which section the time must be counted from the admission of the appeal, must be understood to mean from the perfection of the appeal, which takes place when the notice of appeal is filed, and it is not necessary for the appellant to take any action whatever in order that the court may hear and determine the appeal.

ID.—Upon the filing of the notice of appeal with the secretary, he should call the attention of the court to that fact, and the case should be set down for hearing at some time within the 15 days prescribed by law, but this period prescribed by the law within which the appeal shall be decided is not a mandatory limitation, but merely directory, and when the circumstances require, the court may hear and decide the appeal after the expiration of such time.

The facts are stated in the opinion.

*Mr. José Tous Soto* for appellant.

*Mr. Poventud* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This is an appeal from a judgment rendered on the 2d of March, 1907, by the District Court of Ponce, in a proceeding for the expropriation of a strip of land for a right of way, for the railroad company. The jury, selected for that purpose, had fixed the value of land, and an appeal was taken by the railroad company to the district court, under section 18 of the expropriation act. (See Session Acts of 1903, p. 55.)

The judgment from which the appeal was taken declares that there was no ground to hear the appeal, interposed by both parties, and that the verdict of the jury should be executed conferring upon the American Railroad Co. the parcels of land described in order that it appropriate and possess the same to the exclusive end for which the expropriation is sought, and that there should be delivered to the party defendant the sum deposited by the plaintiff in the custody of the secretary of this court as the damages fixed by the jury; and that the second of the parties—that is, the American Railrood Co.—should pay to the first—that is,

José Mirandes Olivo and others—the costs of the court, and that the judgment should be admitted for inscription in the registry of property. This final order was made on the 2d of March, 1907.

The reasons given by the District Court of Ponce for the rendition of this judgment are not sufficient, to wit, that section 18 of the Law approved March 12, 1903, regulating the expropriation of lands provides that appeals from the verdict of the jury should be presented to the court and submitted for its admission, and, moreover, should be determined within 15 days; such provisions of law not having been complied with by the appellant in the present case.

In cases of expropriation of this kind, as will be seen by a thorough reading of the entire law, it is not necessary that any order should be made by the district court formally admitting the appeal, the mere act of giving notice of the appeal and filing the same with the secretray of the district court presupposes or presumes the admission of the appeal by the court, since the court has no power or authority to refuse to entertain the appeal. The word admission was probably inadvertently used, in the statute, instead of the word "perfection," as the appeal is perfected by giving the notice required by law. If the matter was not decided by the court within 15 days after the appeal was perfected, it is not the fault of the appellant, no motion being necessary on the part of the appellant to start the machinery of the court going; and it being the duty of the court, without further suggestion, to dispose of the case within the time required by law. However, the omission of this duty, if it is not performed by the court, does not deprive the appellant of any of his rights, and only subjects the court to such censure, official or otherwise, as may be thereby incurred. When the appeal is perfected, by giving notice to the secretary, he should call the attention of the judge to that fact, and the case should be set down for hearing at some time within the 15 days prescribed by law, and the contending parties should be notified in order

that they may be present and make such arguments as they may see fit, and thus to aid the judge in the correct decision of the case. But the period of 15 days prescribed in the laws is not a mandatory limitation and may be regarded as directory only; for it may often occur that courts are so busy with other business quite as important, or perhaps more so, as to render it impossible for them, within so short a time to dispose of a case of this nature. (*People* v. *Lake County,* 33 Cal., 483; *Tuohy* v. *Chase,* 30 Cal., 525; *People* v. *Murray,* 15 Cal., 222; *Hart* v. *Plum,* 14 Cal., 149; *McKune* v. *Weller,* 11 Cal., 55.)

It is sufficient in support of this proposition to quote a paragraph from an opinion of the Supreme Court of California, which is supported by a long line of decisions, and reads as follows:

"When a statute specifies the time at or within which an act is to be done, it is usually held to be directory, unless time is of the essence of the thing to be done, or the language of the act contains negative words or shows that the designation of the time was intended as a limitation of power, authority or right." (*People* v. *Lake County,* 33 Cal., 492.)

Proceedings of this kind have no similarity to the case of *José López Zárate* v. *William Villavaso,* cited by the respondent, which was appealed from the municipal court to the district court, and in which it was the duty of the appellant to procure and file the transcript of the record from the court below in order to perfect his appeal. The decision in that case is not applicable to the circumstances of the case at bar. In this case before us the appeal is perfected merely by giving the notice to the secretary and the district court immediately takes complete jurisdiction.

A careful examination of the authorities cited, in their briefs, by both parties in this case will sustain the position herein taken.

For the reasons stated herein the judgment of the court below rendered on the 2d of March, 1907, should be reversed and the case remanded to the District Court of Ponce, for proceedings to be taken in accordance with this opinion.

*Reversed.*

Chief Justice Quiñones and Justices Figueras and Wolf concurred.

Mr. Justice Hernández did not take part in the decision of this case.